Anthony-Robert :Kerr, Beneficial holder
[363] E. 53th Street, Brooklyn
Postal location: Queens County 36047 N.Y.
United States Minor Outlying Islands

2023 OCT 17 P 2: 02

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: ANTHONY KERR<br><br>Debtor | Chapter [13]<br>Case No.: 1-23-42356 (NHL)<br>**OBJECTION TO MOTION TO LIFT AUTOMATIC STAY AND FOR PROSPECTIVE RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(D)(4)** |

-------------------------------------------------X

COME NOW ANTHONY KERR, (HEREINAFTER "DEBTOR") BRINGS THIS OBJECTION TO MOTION PURSUANT TO 15 U.S.C.§§ 1692(a)(4), 1692(e)(f)(g); 28 USC §§ 1651 & 1361; 33 U.S. Code § 931; that the motion is presented by a Third Party Interloper and the motion to be denied in its entirety.

### PRELIMINARY STATEMENT

The debtor declares and that Constitution CR, LLP ("CCL") a dummy LLC created to seal property, hereinafter "Third Party Interloper" has not presented this court with any fact or evidence to prove that they are indeed not a third party interloper, a debt collector trying to collect on a debt that they allegedly brought with penny on the dollar without validation/Contract and or Security Agreement.

The Third Party Interloper alleged state that it has interest as successor to FLA Mortgage Capital 2, LLC an alleged secured creditor without any evidence on how FLA Mortgage Capital 2, LLC became a secured creditor.

### OBJECTION TO MOTION TO LIFT AUTOMATIC STAY
1

For one to become a secured creditor or even become a creditor one has to lend its own money/credit and The Third Party Interloper has not shown any evidence of lending any money/credit to the debtor. A creditor pursuant to 15 U.S.C. § 1692(a)(4) states:

*The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.*

Debtor demand an evidentiary hearing for Third Party Interloper to bring forward all evidences showing that they are truly indeed a Secure Creditor and proof that it is indeed a creditor and all contracts signed between the debtor and the alleged secured creditor FLA Mortgage Capital 2, LLC. In the footnote on page 1 of the "CCL" motion it states:

*"The Note and Mortgage at issue in this case have been transferred several times."*

However, at no time the Third Party Interloper presented any evidence to show that the chain of title has not been broken and the Note and the Mortgage has not been separated leaving them without standing to even come into this court with this motion for a relief of the automatic stay. The third party Interloper stated that it has a perfect lien against the property without evidence of the perfected lien. The motion talked about a prior holder of the Note and Mortgage without evidence of the name, address and phone number of the alleged Note and Mortgage along with all books and record of the alleged creditor pursuant to 15 U.S.C. 1692. Third party Interloper failed to declare that any judgement without proper jurisdiction and without merit is void since the court has no jurisdiction and denial of due process of law and equity.

Third Party Interloper has defaulted on providing evidence of the delegation of authority pursuant 28 USC §§ 1651 & 1361 and failed to qualify/identify and present credentials.

Case 1-23-42356-nhl    Doc 38    Filed 10/17/23    Entered 10/17/23 15:07:13

## NO FACTUAL BACKGROUND

There are no factual background since the alleged Debtor's defaulted loan never existed Third Party Interloper has not shown any evidence of default and not presented evidence that the alleged default has not been cured. The alleged debt in question is barred by the statute of limitation since base on the Preliminary Statement in "CCL" motion this has been happening since 2008 that is over 15 years this debt collector is trying to collect on a very old alleged debt.

The entire motion is based upon hearsay and should be denied in its entirety.

The property transferred to the WIK Family Trust since 2021 WIK Family Trust is the only Secured Party to the property known as 1430 Pacific Street, Brooklyn, New York state.

### A. The Mortgage Loan, Foreclosure Judgment and the First Bankruptcy Case

The Debtor incorporates by reference and re-alleges each and every allegation stated in the above paragraphs

From Debtor's knowledge to the fact, Washington Mutual Bank, FA has gone out of business for years and have no knowledge of any contractual obligation to Washington Mutual Bank, FA has alleged by Fitzgerald Affidavit without any proof or evidence to the fact. Showing Fitzgerald proper identity and who Fitzgerald really working for. Debtor believe that this Fitzgerald person is one of the debt collector's employees who is in collusion to rob properties. Saying that he is familiar with the day to day activities and has no proof of fact, but hearsay.

The Third Party Interloper has no factual evidence about Debtor's living arrangement and has no evidence to state that Debtor's resides at 937 E 55th Street, Brooklyn, NY 11234 and not at the property. The property as alleged by The Third Party Interloper is only mentioned because this Interloper wants to steal the property and want this court to help them by aiding and abetting. Debtor is not obligated to disclose his private affairs. In the affidavit of Fitzgerald without fact or evidence he mentioned Washington Mutual, Wilmington not in its individual capacity, but solely as trustee for

BCAT 2014-12TT, Bank of America, FLA Mortgage Capital 2, LLC and now Constitution CR, LLC without evidence or proof that the chain of title was not broken and the alleged Note and Mortgage is not separated, is discharged, and how they became secured creditors.

When the First Bankruptcy was filed, none of the above mentioned parties presented any proof of claim. In addition Fitzgerald allegation that the Debtor defaulted on the payment due under the Note and Mortgage, and each payment thereafter is all hearsay and has not fact or evidence in law or equity.

In addition, Fitzgerald has just thrown around figures, pulling them out of thin air, without any evidence.

Fitzgerald has failed to mention how all these alleged party he mention became involved in this matter, but only showing fraudulent assignments.

### B. The Second Bankruptcy Case and First Stay Order

Debtors incorporates by reference and re-alleges each and every allegation stated in the above paragraphs.

At no time has any of the alleged party mentioned above file in the Bankruptcy court any proof of claim. All these alleged parties mentioned are names used by this Third Party Interloper in order to seal properties and in clear violation of 33 U.S. Code § 931(a)(1) which states:

*(a) Felony; fine; imprisonment*
*(1) Any claimant or representative of a claimant who knowingly and willfully makes a false statement or representation for the purpose of obtaining a benefit or payment under this chapter shall be guilty of a felony, and on conviction thereof shall be punished by a fine not to exceed $10,000, by imprisonment not to exceed five years, or by both.*

In Fitzgerald affidavit, it seems confusing that more than one party get judgment for Foreclosure and Sale for the same matter. Which Debtor believe that it does not make any sense and Debtor is unaware of these activity. Debtor had the right to due process of law and to confront his accusers.

Therefore this Fitzgerald Affidavit must be denied in its entirety and strike from the record.

### C. The Second Judgment of Foreclosure of Sale and the Third Bankruptcy Case

Debtors incorporates by reference and re-alleges each and every allegation stated in the above paragraphs.

Again Third Party Interloper present another Foreclosure of Sale, that of itself is res judicata upon it face since that would be the same matter re-litigated.

This willful Violations provides for damages, reimbursement of attorney's fees, and potentially punitive damages when a bankruptcy petitioner is injured by an alleged creditor's willful violation, and Fraudulent Acts, Contempt of court and deceitful practices and pendant claims as a result of making a false security interest claim to the court, Injunctive Relief and other acts as stated in the objection to the motion.

### ARGUMENT

Debtors incorporates by reference and re-alleges each and every allegation stated in the above paragraphs.

Debtor declared that the Third Party Interloper has no standing in this matter nor stated a claim where relief can be granted. The Third Party Interloper is in violation of
15 U.S.C.§§ 1692(a)(4), 1692(e)(f)(g); 28 USC §§ 1651 & 1361; 33 U.S. Code § 931; that the motion presented by the Third Party Interloper should be denied in its entirety.

**WHEREFORE**, Debtor prayed that the court denies the Motion in its entirety and Strike the

Affidavit of Fitzgerald as hearsay. Award damages has the court deems just and proper.

Dated: October 10, 2023

28 U.S.C § 1746

By: *[signature]*, UCC1-308

By: Anthony-Robert : Kerr, Authorized Representative
ANTHONY KERR, DEBTOR

**OBJECTION TO MOTION TO LIFT AUTOMATIC STAY**