**ZEICHNER ELLMAN & KRAUSE LLP**
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 223-0400
Facsimile: (212) 753-0396
Bryan D. Leinbach

*Attorneys for Constitution CR, LLC*

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: <br><br> ANTHONY KERR, <br><br> Debtor. | Chapter 13 <br><br><br> Case No. 1-23-42356 (NHL) |

### DECLARATION OF BRYAN D. LEINBACH TO CLARIFY AND IN RESPONSE TO UNFILED OBJECTION FROM DEBTOR

BRYAN D. LEINBACH, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am an attorney admitted to practice before this Court and a member of Zeichner Ellman & Krause LLP, attorneys for Constitution CR, LLC ("CCL"). I make this declaration to provide the Court with a clarification (set forth below) in connection with CCL's motion for an Order: (i) pursuant to 11 U.S.C. § 362(d)(1) and (2) and Bankruptcy Rule 4001, granting CCL relief from the automatic stay to allow CCL to proceed with its state law remedies, including a foreclosure sale of the "Property[1], to the extent that the debtor Anthony Kerr (the "Debtor") retains any interest in the Property; (ii) pursuant to 11 U.S.C. § 362(d)(4), 11 U.S.C. § 105(a), and Bankruptcy Rule 4001, granting CCL *in rem* prospective relief from the automatic stay providing that in any subsequent bankruptcy filing by any party claiming an ownership

---

[1] Defined terms in this declaration have the same meaning as those set forth in the Declaration of Kyle O'Hehir, dated August 3, 2023 (the "O'Hehir Dec.") and the Memorandum of Law in Support of CCL's Motion to Lift the

interest in the Property, the automatic stay will not bar CCL from proceeding with state law remedies against the Property, including a foreclosure sale, for a period of one year from entry of the Order; and (iii) granting such other and further relief as the Court deems just and proper (the "Motion"). I also make this declaration to respond to the unfiled objection of the Debtor to the Motion.

2. At the hearing on September 15, 2023, the Court asked CCL to clarify why there appear to be two copies of the Note. Initially, I make this declaration to address the Court's request for clarification.

3. Zeichner Ellman & Krause LLP ("ZEK") has physical possession of the collateral file for the underlying loan at issue, in its capacity as counsel and custodian for CCL. ZEK maintained such possession at the time it filed the Motion on August 9. 2023.

4. The collateral file contains the original Note (the "Original Note"). The Original Note contains an indorsement in blank on the signature page of the Original Note from loan originator Washington Mutual Bank, N.A ("WaMu"). A true and correct copy of the Original Note was attached to the Fitzgerald Affirmation as Exhibit A [See Docket No. 21-3 at PDF page 18-21]. The Fitzgerald Affirmation was in turn attached as Exhibit B to my Declaration in support of CCL's motion [See Docket No. 21-1].[2]

5. After the execution of the Original Note, but prior to WaMu endorsing the Original Note in blank, A Duplicate Original Note was created and is stored in the collateral file (the "Duplicate Original Note"). As a result, the Duplicate Original Note does not contain the

---

Automatic Stay and for Prospective Relief from the Automatic Stay Under 11 U.S.C. § 362(D)(4) dated August 9, 2023

[2] As set forth in its moving brief, the Fitzgerald Affirmation was originally filed by Wilmington, a prior holder of the Note and Mortgage, in support of its motion to terminate the automatic stay and for *in rem* relief in the Second Bankruptcy Case. See Moving Br. at 3 [Docket No. 21-16].

endorsement in blank. A true and correct copy of the Duplicate Original Note is attached as Exhibit 1 to the Declaration of Kyle O'Hehir. [See Docket No. 21-14].

6. The first allonge transferring the Note from WaMu to FLA Mortgage Capital 2, LLC ("FLA"), and the second allonge transferring the Note from FLA to CCL are both affixed to the Duplicate Original Note.

7. "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is either the holder or assignee of the underlying note at the time the action commenced". HSBC Bank USA, N.A. v. Spitzer, 131 A.D.3d 1206, 1207 (2d Dep't 2015). In Cent. Morag. Co. v. Davis, 2017 149 A.D.3d 898 (2d Dep't 2017), the Second Department held that, "by submitting the note with an allonge containing an endorsement in blank, the plaintiff demonstrated, prima facie, that it was a holder of the note within the meaning of UCC § 1-201(b)(21)." Id. at 900. Where an instrument is endorsed in blank, "it may be negotiated by delivery" (see id. §§ 3-202[1]; 3-204[2]).

8. Further, "the holder of an instrument... may ...enforce payment in his own name." See N.Y. UCC § 3-301. A "holder is a person who is in possession of ... an instrument ...issued or indorsed to him or to his order or to bearer or in blank." See N.Y. UCC § 1-201 [20]. Through the O'Hehir Dec., CCL established that it took delivery of the Original Note, endorsed in blank, prior to the commencement of the action, therefore, "plaintiff demonstrated, prima facie, that it had standing to commence the action". Flagstar Bank, FSB v. Mendoza, 139 A.D.3d 898, 899, 32 N.Y.S.3d 278 (2d Dep't 2016) (citations omitted). While in Wells Fargo Bank, N.A. v. Gallagher, 137 A.D.3d 898, 899 (2d Dep't 2016), the Second Department affirmed plaintiff's standing to foreclose when it "submitted the affidavit of a vice president of loan documentation… which sufficiently demonstrated that, at the time the action was commenced,

Wells Fargo had physical possession of the note, which included an endorsement to Wells Fargo."

As it maintains physical possession of the Original Note, endorsed in blank, and the Duplicate Original Note with the affixed allonges, CCL is the holder of the Original Note under applicable law and has standing to foreclose and to enforce the Note and the Judgment[3]. See O'Hehir Dec. at ¶¶ 3-6. CCL also has standing through the assignment chain detailed in the O'Hehir Dec. Id. at ¶ 5(a-d).

9. I am in receipt of an objection to CCL's motion from the Debtor (the "Objection") [Docket No. 38]. ZEK received the Objection by mail on October 13, 2023, but was not filed on the electronic docket for this case until today. In the Objection, the Debtor appears to dispute CCL's status as holder of the Note and a secured creditor. The Debtor's objection to CCL's standing as a holder of the Note and secured creditor are rebutted by the evidence CCL submitted with the Motion through the O'Hehir Dec., which establishes that CCL has the status as holder of the Original Note.

10. The Debtor's Objection is further belied by this declaration which further clarifies CCL's standing as holder of the Original Note. Therefore, contrary to the claim in the Objection, CCL has introduced evidence that it is, in fact, the holder of the Note and Mortgage and a secured creditor.

11. Consequently, the Debtor's citation to his transfer of the Property, his "living arrangements" and allegations regarding CCL's status fail to rebut CCL's prima facia entitlement to the relief sought in the Motion.

12. I declare under penalty of perjury that the foregoing is true and correct.

DATED: October 17, 2023

                                                                 /s/ *Bryan D. Leinbach*
                                                                  BRYAN D. LEINBACH
                                                  4864-4488-7175, v. 1

---

[3] I will bring the collateral file containing both Original Note and Duplicate Original Note to Court on the return date of the Motion, October 18, 2023, should the Court wish to inspect them.