IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | Chapter 13 |
| ANTHONY KERR, | |
| Debtor. | Case No. 1-23-42356 (NHL) |

**ORDER PURSUANT TO 11 U.S.C. § 362(d)(1), (2), AND (4) GRANTING RELIEF FROM THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)**

Upon the motion (the "Motion") of Constitution CR, LLC ("Movant") for an Order: (i) pursuant to 11 U.S.C. § 362(d)(1) and (2) and Bankruptcy Rule 4001, granting Movant relief from the automatic stay to allow Movant to proceed with its state law remedies, including a foreclosure sale of real property located at 1430 Pacific Street, Brooklyn, New York 11216 (the "Property"), to the extent that the debtor Anthony Kerr (the "Debtor") retains any interest in the Property; (ii) pursuant to 11 U.S.C. § 362(d)(4), 11 U.S.C. § 105(a), and Bankruptcy Rule 4001, granting Movant *in rem* prospective relief from the automatic stay providing that in any subsequent bankruptcy filing by any party claiming an ownership interest in the Property, the automatic stay will not bar Movant from proceeding with state law remedies against the Property, including a foreclosure sale, for a period of one year from entry of the Order; and (iii) granting such other and further relief as the Court deems just and proper; and the Debtor having filed opposition to the Motion; and Movant having filed a reply; and after due and sufficient service and notice, the Court having held a hearing on the Motion on October 18, 2023, at which Bryan D. Leinbach, Esq. (Counsel for Movant), the Debtor, Suzanne Youssef, Esq. (Counsel to PHH Mortgage Corporation) and Krista Preuss, Esq. (Chapter 13 Trustee) appeared; and, after due deliberation, the Court having determined that the filing of the Debtor's bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that has involved multiple bankruptcy filings by the

Debtor and the transfer of all or part ownership of, or other interest in, such Property without the consent of Movant or court approval; and good and sufficient cause appearing; it is hereby

ORDERED, that the Debtor's opposition is overruled and the Motion is granted to the extent provided herein; and it is further

ORDERED, that automatic stay is lifted pursuant to 11 U.S.C. § 362 (d)(1), (d)(2) and (d)(4) to allow Movant, its successors and/or assigns to enforce its rights in, and remedies in and to, the Property under applicable law; and it is further

ORDERED, that under 11 U.S.C. § 362(d)(4), provided that this order is recorded in compliance with applicable State laws governing notices of interests or liens in real property, this order shall be binding in any other case filed under the Bankruptcy Code purporting to affect the Property that is filed not later than two years after the date of entry of this order, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing.



Dated: October 23, 2023
Brooklyn, New York

_____
Nancy Hershey Lord
United States Bankruptcy Judge